UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT DONTA BYRD                                                                        PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:24-CV-543-DPJ-ASH

WARD CALHOUN, III                                                                       DEFENDANT

REPORT AND RECOMMENDATION

Pro se Plaintiff Robert Donta Byrd, a pretrial detainee, filed this petition under 28 U.S.C. § 2241 challenging his current detention at the Lauderdale County Detention Facility in Meridian, Mississippi. Respondent filed a Motion to Dismiss [11], which he later supplemented twice. Supp Resps. [12] [13]. As explained below, the Court finds that Respondent's motion should be granted and this matter dismissed with prejudice for failure to state a claim as to Byrd's claim seeking dismissal of state charges. To the extent Byrd seeks to enforce his right to a speedy trial, the undersigned recommends that claim be dismissed without prejudice for failure to exhaust.

I.      Facts and Procedural History

On August 21, 2020, a Lauderdale County Municipal Court Judge issued an arrest warrant for Byrd, who at the time was seventeen years old, on charges of murder and armed robbery. In September 2020, Byrd filed in state court a complaint for a writ of habeas corpus challenging his detention and requesting bond. The state court denied Byrd's request to be released on his own recognizance, but did set a $250,000 bond. *See* [11-1] at 3. Byrd apparently posted bond and was released.

On April 17, 2023, a Lauderdale County grand jury returned an indictment against Byrd and a co-defendant on the murder and armed robbery charges. *See* [11-2]. The trial court then

1

issued a capias and a bench warrant for Byrd, which were returned executed on May 2, 2023. One day later, Byrd petitioned for an appointment of counsel, and the trial court appointed a public defender that same day. *See* [11-3].

Byrd's state court trial has been continued numerous times. On August 29, 2023, Byrd's attorney requested the trial court continue the trial date and reset the case for a status conference due to ongoing plea negotiations. Byrd's attorney made two additional requests that the court reset the matter citing plea negotiations as good cause. The trial court granted those requests. *See* [11-5]; [11-6].

On February 1, 2024, Byrd requested he proceed with trial, which the court set for September 9, 2024. *See* [11-7]. Byrd's attorney subsequently requested two more continuances for status conferences, which the court granted. *See* [11-8]; [11-9]. On December 9, 2024, the trial court reset Byrd's case for a March 2025 status conference. *See* [11-10]. The Order suggests Byrd's case would be reset at a later date for a joint trial with Byrd's co-defendant. *See id.* Byrd's attorney later requested two more continuances for status conferences, which the state court granted. *See* [12-1]; [13-1]. Byrd's case is currently set for a status conference on December 10, 2025. *See* [13-1].

Believing his constitutional right to a speedy trial has been denied and his due process rights have been violated, Byrd filed his habeas petition on September 11, 2024. Pet. [1]. He requests that the Court dismiss his state-court charges. *Id.* at 8.[1] On January 27, 2025, Respondent filed a motion to dismiss. Byrd filed no response.

---

[1] Byrd's petition could be read to suggest he was sixteen years old as of September 9, 2024. Pet. [1] at 8. Although he was seventeen years old at the time of his initial arrest in August 2020, he was twenty-one years old in September 2024. *See* State Ct. R., Mot. for Counsel [10-2] at 34 (listing date of birth).

II.     Analysis

Habeas relief is available under § 2241(c)(3) for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." But "[a] pretrial detainee is not permitted to derail 'a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Graham v. Sollie*, No. 3:21-CV-379-DPJ-FKB, 2021 WL 5411549, at *1 (S.D. Miss. Oct. 22, 2021) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)). Thus, a pretrial detainee, for example, may not use § 2241 to "seek dismissal of state charges and release based upon his right to a speedy trial." *Id.* (citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

Nonetheless, "special circumstances" may warrant federal habeas relief "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. "'Special circumstances' are those on which a 'federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened.'" *Wilson v. Washington Cnty*, No. 4:20-CV-158-DMB-DAS, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021) (quoting *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018)). Special circumstances are present where

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) . . . other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53-54 (1971)); *see Portis v. Sollie*, No. 3:20-CV-316-TSL-RPM, 2021 WL 908214, at *2 (S.D.

3

Miss. Jan. 20, 2021) (finding three situations spelled out in *Gates* "applicable in the federal habeas context").

Byrd seeks dismissal of his criminal charges based on a violation of his right to a speedy trial. Pet. [1] at 8. The Fifth Circuit, however, has explained that "the [S]ixth [A]mendment right to a speedy trial is [not] a per se 'special circumstance.'" *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987). Because an alleged violation of that right alone is insufficient, Byrd must identify a special circumstance outlined in *Gates*. He has not. There is no evidence of bad faith motivating the state-court proceedings; Byrd is not challenging a state statute; and he has not demonstrated that irreparable injury would occur absent federal intervention in the state-court proceedings. Because Byrd's request to dismiss the state-court charges is an attempt to derail the state criminal proceedings, his petition therefore fails to state a claim upon which relief is available under § 2241. *See, e.g.*, *McNeil v. Mason*, No. 3:19-CV-13-DPJ-FKB, 2020 WL 898513, at *1 (S.D. Miss. Jan. 29, 2020) ("[R]elief under § 2241 is not available where . . . the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial."), *report and recommendation adopted*, 2020 WL 888052 (S.D. Miss. Feb. 24, 2020); *Ardizone v. Young*, No. 5:23-CV-58-DCB-LGI, 2024 WL 3708924, at *2 (S.D. Miss. May 31, 2024), *report and recommendation adopted*, 2024 WL 3707564 (S.D. Miss. Aug. 7, 2024).

A speedy-trial claim, however, is cognizable under § 2241 if a pre-trial detainee requests that the state bring him to trial. *See Black v. Gonzales*, No. 23-438, 2023 WL 2188722, at *1 (S.D. Tex. Feb. 23, 2023) (citing *Dickerson*, 816 F.2d at 224). Even if the Court were to construe Byrd's pro se pleading as requesting enforcement of his speedy-trial right,[2] his petition would

---

[2] Byrd's sole prayer for relief is for the dismissal of the state-court charges. Pet. [1] at 8.

4

nonetheless fail for lack of exhaustion. "[A] state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief." *Lincoln v. Texas*, No. 3:22-CV-1591, 2022 WL 16579326, at *1 (N.D. Tex. Aug. 29, 2022) (citing *Dickerson*, 816 F.2d at 225). But nothing in the record suggests that Byrd has presented a claim based on his speedy-trial right to the Mississippi Supreme Court either through an appeal or petition for mandamus. *See* State Ct. R. [12-2] (reflecting no motion for speedy trial or notice of appeal); Supp. Resp. [12] at 3 (asserting that a search of the Mississippi Supreme Court's general docket produces no record of any petition or appeal by Byrd); Mot. to Dismiss [11] at 9 (same). Nor has Byrd responded to Respondent's motion indicating otherwise. Indeed, Byrd indicates in his petition that he has *not* exhausted this claim. Pet. [1] at 2.[3] This claim should therefore be dismissed without prejudice for lack of exhaustion.

III.    Conclusion

The undersigned recommends that the Court grant Respondent's Motion to Dismiss [11], dismissing with prejudice any claims seeking dismissal of the state charges and dismissing without prejudice any claim to enforce his right to a speedy trial for failure to exhaust.

IV.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[4] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States

---

[3] Byrd claims he did not exhaust because his attorney refused to file a motion to dismiss based on a speedy trial violation. Pet. [1] at 3. But a motion to dismiss for a speedy trial violation is not the same as seeking to enforce the right by requiring a speedy trial. Whether through counsel or pro se, Byrd has filed no such motion, nor has he presented the issue to the Mississippi Supreme Court.

[4] When a document is served by mail, the party is considered to have been served on the date that the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

5

District Judge, the Magistrate Judge, and the opposing party. The District Judge may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 11th day of July, 2025.

s/ *Andrew S. Harris*  
UNITED STATES MAGISTRATE JUDGE